**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1308

ELIAS ENAMORADO-CHACON; OLGA LOPEZ-AVENDANO; E.E.L.; E.E.L.; E.E.L.; I.E.L.,

        Petitioners,

    v.

TODD BLANCHE, Acting U.S. Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 28, 2026                     Decided:  July 31, 2026

Before AGEE, THACKER, and BERNER, Circuit Judges.

Petition for Review denied by unpublished per curiam opinion.

**ON BRIEF:**  Melissa J. Mitchell, MITCHELL & SUHR PLLC, Raleigh, North Carolina, for Petitioners.  Brett A. Shumate, Assistant Attorney General, Kohsei Ugumori, Anthony J. Nardi, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elias Chacon, a citizen of El Salvador, and his wife, Olga Avendano, a citizen of Mexico ("Petitioners"), have petitioned for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of their applications for asylum and withholding of removal.

To obtain asylum, Petitioners must show three things—they suffered past persecution or have a well-founded fear of future persecution, that persecution is on account of their membership in a particular social group ("PSG"), and that persecution is perpetrated by a person or organization their governments are unable or unwilling to control. *Portillo Flores v. Garland*, 3 F.4th 615, 626 (4th Cir. 2021) (en banc); *see also* U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(A).[*]  Although applicants may succeed by showing either past persecution or a well-founded fear of future persecution, establishing past persecution entitles applicants to a presumption that they have a well-founded fear of future persecution. *Portillo Flores*, 3 F.4th at 629.  If the government demonstrates that the applicant can avoid future persecution by relocating elsewhere in their home country and

---

[*] Withholding of removal operates similarly.  The government "may not remove a[ noncitizen] to a country if the [government] decides that the [noncitizen's] life or freedom would be threatened in that country" on the basis of some protected ground.  8 U.S.C. § 1231(b)(3)(A).  But applicants for withholding of removal must satisfy a higher burden of proof. *Morales v. Garland*, 51 F.4th 553, 556 (4th Cir. 2022).  So, an applicant who cannot  show persecution cannot qualify for withholding of removal. *Id.*  In other words, Petitioners' withholding claims rise and fall with their asylum claims for the purpose of their petition.

2

it would be reasonable to do so, then an immigration judge must deny the applicant's asylum claim. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A)–(B).

The IJ determined that Chacon had not suffered persecution at all, that any persecution Petitioners suffered was not on account of their membership in a cognizable PSG, that Petitioners failed to establish that their governments would be unable or unwilling to protect them, and that Petitioners had not demonstrated that they could not reasonably relocate to avoid future harm.  The BIA found that Petitioners waived review on the internal relocation ruling and otherwise affirmed the IJ.

We have reviewed the record and agree that Petitioners waived review of the IJ's internal relocation finding.  On the merits, we conclude that the BIA's decision is supported by substantial evidence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*